**In the Matter of the Adoption of K. D. H. and B. E. H., minor children.**

**No. 53975.**

Court of Appeals of Oklahoma,
Division No. 2.

July 7, 1981.

Rehearing Denied July 29, 1981.

Certiorari Denied Sept. 22, 1981.

Released for Publication by Order of Court of Appeals Sept. 25, 1981.

E. W. Shaw, Mitchell, DeClerck, Cox, Halstead, Lahman, & Shaw, Enid, for appellants.

Clyde V. Collins, Belcher & Collins, and John L. Scott, Enid, for appellee.

BACON, Presiding Judge.

Appellant and appellee, both of whom are registered nurses, were divorced June 16, 1976. Appellant was awarded the custody of the couple's four children and appellee was ordered to pay child support in the sum of $101 every other Monday.

During the following year appellee made the child support payments on an irregular basis. In October 1977 appellee bought a new car. On December 21, 1977, appellee stopped making child support payments. During the entire year of 1978 appellee did not contribute one penny for the support of the children.

On March 19, 1979 appellant and appellant's new spouse petitioned to adopt the two youngest children, ages eight years and six years, without the consent of appellee. The basis for the nonconsensual adoption was appellee's failure to contribute *any support* for a period of over one year.[1]

The case was tried to the court without jury. The evidence is undisputed that: (1) in 1977 appellee's income was about $14,000 and because of some illness in 1978 it dropped to $7,500 or about $625 per month; (2) appellee had the money to fly from Houston, Texas to Enid, Oklahoma, several times during 1978 and in addition to the air travel drove that same journey several times; and (3) appellee did not contribute anything during the year 1978 for the support of the children.

In ruling upon demurrer to the evidence the trial judge stated there was no question but what appellee willfully violated the court order for child support, the statutes and in addition made no effort to pay any money for the support of the children and that there was no excuse for same under the evidence. He then overruled the demurrer.

The trial court after all the evidence was in further stated appellant had "shown adequate grounds that consent [of appellee to adopt] is not necessary." Knowing the foregoing and that the law was to the contrary the trial judge nevertheless stated he was a "sentimentalist," that he had never required support money from a mother and he never would, and that it was the duty of the father to support the children; and that appellant could appeal the ruling and he (the trial judge) would "pass on the responsibility" to the supreme court and entered his order denying the application to adopt without consent.

The reason for the trial judge's "sentimentalism," in passing the responsibility and making an erroneous ruling is the appellee in the present case is the *mother* of the children instead of the father. Title 10 O.S.1974 Supp. § 60.6 clearly applies to both fathers and mothers who willfully fail, refuse or neglect to contribute to the support of their children for a period of one year.

Suffice it to say that the judgment of the trial court is clearly against the weight of the evidence. The case is reversed and remanded to the trial court with direction to vacate its judgment and enter

1. Title 10 O.S.1974 Supp. § 60.6 reads:

Consent of parents—Exceptions.—A legitimate child cannot be adopted without the consent of its parents, if living, nor a child born out of wedlock without the consent of its mother, if living, except that consent is not necessary from a father or mother:

1. Adjudged to be an habitual drunkard, or

2. Who has been judicially deprived of the custody of the child by any court of competent jurisdiction, including a court which has jurisdiction of a divorce action involving said parent, on account of cruelty to or neglect of the child, or

3. Where a parent has wilfully failed, refused or neglected to contribute to the support of his child, as provided in the decree of divorce, or according to his financial ability if no provision for support is provided in the decree, for a period of one (1) year next preceding the filing of a petition for adoption of such child; and where the above conditions exist it shall not be necessary to terminate parental rights under Section 1130 of this title prior to the adoption of said child. Provided that any decree of adoption heretofore entered by any court of appropriate jurisdiction within the State of Oklahoma wherein termination of parental rights, as prescribed in Section 1130 of this title, was not obtained shall not be invalid on the ground that such termination of parental rights was not obtained.

judgment decreeing the consent of appellee is not necessary for adoption of the two children.

BOYDSTON, J., concurs.

BRIGHTMIRE, J., not participating.